Opinion of the court by
Judge Catron.
One question (amongst others) presented in this cause is, whether a purchaser at execution sale, issued upon a judgment against heirs, pursuant to the act of 1784, ch. 11, acquires any title to the lands sold as their property, where the scire ja-das predicated upon the judgment against the administrator, docs not name the heirs, and where the judgment is taken without personal notice, upon two nihils returned by the sherifl.
This cause was before the supreme court of this State in 1814, when it was decided that the scire facias and the return thereof, was sufficient to authorize judgment and execution, and to vest the title in the purchaser. (2 Tenn. Rep. 273. 5 Hay. Rep. 280.)
In 1817, the question again came before the supreme court, in the case of Roberts vs. Busby and wife. (3 Hay. Rep. 299,) when it was adjudged, that the statute required notice to the heir; and that if no notice was given, the judgment was void, and a sale of the heir’s land, by virtue thereof, would vest no title in the purchaser.
*84 This latter adjudication has been followed ever since, and is now two well settled to he ever questioned. I therefore think the defendants in error took no estate by their purchase under the execution sale against Andrew Armstrong>s hejrs>
Williams, the defendant in the ejectment, claims by virtue of a younger grant and distinct title from the heirs of Armstrong; and being a stranger to their title, it is contended that by the rules of law, he has no right to set up the outstanding title in third persons to defeat the lessors of the plaintiff. It is a standing rule in the action of ejectment, that the lessor of the plaintiff must recover upon the strength of his own title, without reference to that of his adversary whose possession is deemed rightful against all but the true owner. Apply this rule to Sea-well and Jones, and the consequence is inevitable — they have no title, and their action of necessity cannot be sustained.
But it is the settled law of this State that the party in possession of land is presumed to have a possessory title thereto, and has a right to give in evidence an outstanding title in a third person to protect himself, when sued In ejectment. Garner’s lessee vs. Johnson, (Peck’s Rep. 24;) which overrules the cases of M’Allister’s lessee vs. Williams, and Perryman’s lessee vs. Collison, (I Tenn. Rep* 107,515.) This case has been followed at different times in causes not reported. The same principle is recognized and acted upon, by the supreme court of the United States, in the case of Sims vs. Love, (9 Wheaton’s Rep.)
So soon as the court admit that an outstanding title in a third person, can be given in evidence by the defendant in ejectment, they, by a consequence not to be avoided, establish the doctrine, that such defendant may call in question the validity of the judgment, execution, and sale, by virtue of which the lessor of the plaintiff attempts to evict him. This is the course of decision in Massachusetts. Willington vs. Gale (13 Mass. Rep. 483.)
Judgment reversed.