Totten, J.,
delivered the opinion of thé court.
The action is debt, in the name of Amos Carden, for the use of R. 0. & A. A. Humphreys; and it is founded on a promissory note, executed by Andrew Smyth, and made payable to Amos Carden or bearer.
On the trial, in the circuit court of Monroe, the cestui quo use moved the court to' amend the proceeding, by striking out the name of “ Amos Carden,” the nominal plaintiff in the suit, leaving the names of the Messrs. Humphreys as the *29 plaintiffs therein. The motion was overruled. The jury returned a special verdict, to the effect, that the note was transferred to the Messrs. Humphreys by Amos Carden, the payee by mere delivery, there being no indorsement on it; that they were bona fide, holders for value, and without notice of any objection to its payment; but that, as between the original parties, there was a defect of consideration, it having been fraudulently obtained by Carden from the maker. Upon this verdict, there was judgment for the plaintiff, and the defendant has appealed in error to this court.
We observe, in the first place, that if the legal title remained in Carden, the payee of the note, then the suit must be in his name, and the note would still be subject to any defense, it was liable to in the hands of the payee.
But if a note or bill is made payable to bearer, then it may be transferred by mere delivery, without indorsement, so as to vest the legal title in the holder, and having the legal title, he may support an action thereon in his own name.
If, however, his right be contested or denied, then to entitle him to recover, he must show, that he came by the bill or note bona fide, and for a valuable consideration. A leading case on this subject, is Grant vs. Vaughn 1. W. Bl. 485, in which it was held, that the law in the older cases to the contrary, was clearly mistaken. 1 Dane’s Abr. 393. Story on Bills, § 200.
If the payee of a note or bill payable to himself or bearer, transfer it by indorsement, he will incur the ordinary liability of an indorser; but if by mere delivery, then he will cease to be deemed a party to the note or bill.
Novy, when Carden transferred the note by mere delivery, he became divested of any right to the note, and ceased to be a party to it. The action could not, therefore, be supported in his name.
But as the Messrs, Humphreys were parties to the suit and *30 possessed the legal as well as beneficial interest therein, we can see no reason why it was not a proper case for amendment, by striking out the name of Carden, an unnecessary party, in whom no interest whatever was vested. You do not thereby add a new party, which in general cannot be done, (2 Yerg. R., 577; 4 Yerg. R., 165,) but you merely strike from the record, the name of a person, who has no interest in it. This was done in Hunter vs. Sevier, 7 Yerg. R., 136, and we think it should have been permitted in the present case.
It is evident that the recovery cannot stand in the name of Carden, for he is not entitled to recover in any right, or for any use. Nor can we permit the amendment to be made here, and enter judgment in the name of the Messrs. Hum-phreys upon the verdict; for it might possibly preclude some just defence, to which the maker is entitled, as against them. We think it proper, therefore, to reverse the judgment, and remand the cause, to be proceeded in, in conformity to this opinion.
Judgment reversed.