CLEMENT *et ux. v.* NICHOLS *et al.*

(*Nashville*, December Term, 1947.)

Opinion filed February 28, 1948.

A. BRADLEY FRAZIER, of Camden, for complainants.

PEELER & HOLLIS, of Camden, for defendants.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This is a suit in ejectment commenced in the Chancery Court of Benton County, alleging ownership in fee simple of 114 acres of land of the value of about $1000, described in the bill as lying in the 8th Civil District of the County. The Chancellor entered a decree for the complainants and the defendants perfected an appeal to the Court of Appeals, where the decree was reversed and the bill dismissed. The complainants have filed petition for *certiorari* in which they make four assignments of error.

Before stating the facts we will consider the fourth assignment of error, by which after the case was argued in the Court of Appeals the complainants filed a

written motion seeking to amend their original bill by adding a party-complainant. By this assignment it is insisted that the Court of Appeals committed error in refusing to grant this motion. There is, of course, no merit whatever, in this assignment as the jurisdiction of the Court of Appeals is appellate only. Code, sec. 10618. As such the Court of Appeals can only consider such matters as were brought to the attention of the Chancellor, and acted upon or pretermitted by him. The only case cited by the petitioner on the proposition, *Tennessee Cent. Railroad Co.* v. *Brown*, 125 Tenn. 351, 354, 359, 143 S. W. 1129, is no authority, whatever, for the proposition since it had to do with an amendment in the Trial Court. In the early days it was held that this Court had no authority to permit the amendment of the original pleadings by the addition of parties. *Smyth* v. *Carden*, 31 Tenn. 28. Not only would the allowance of such an amendment be contrary to jurisdictional limitations as being appellate only, but it would also be in conflict with the well established rule that a party in the Appellate Court will not be permitted or heard to assume a position contrary to and inconsistent with the position he took in the Trial Court. *Brummitt* v. *Brown*, 159 Tenn. 612, 21 S. W. (2d) 626.

The remaining three assignments of error are on the following rulings of the Court of Appeals:

1. That the complainants failed to make out a case.

2. That the complainants failed to prove that the lands in question were granted by this State or the State of North Carolina.

3. That the Court erred in dismissing the bill and adjudging the costs against the original complainants.

Both the complainants and the defendants trace their title and rights to the lands to one Levi Phifer, who died in 1930. Certified copies of deeds, exhibited with the bill, show the title in the complainants from Phifer, as follows:

1. Retaining a "homestead and dowery interest" Phifer deeded 64 acres of the land to a nephew, Jack Melton, and the remaining 50 acres to a niece, Alice Holland.

2. Alice Holland deeded the 50 acres of land to Jack Melton.

3. Jack Melton and his wife executed a trust deed to a trustee, to secure an indebtedness which Melton owed to the Mason Memorial Hospital.

4. On Melton's failure to pay the debt the land was foreclosed and bought in by the Hospital for its debt.

5. The Hospital sold the land to one Owen Barber, and

6. Owen Barber sold the land to the present complainants.

■ The deed (5) of the Mason Memorial Hospital to Owen Barber is fatally defective:

"To have and to hold to the said Owen Barber, his heirs and assigns, forever, with covenant of general warranty.

"And being the same land conveyed to the Grantor by deed from S. J. Ruskjer, Trustee for Jack Melton, Gladys Melton, dated August 27, 1941, and recorded in Deed Book No. 33, page 115, in the office of the Register of Benton County, Tennessee.

"Witness to all of which *Grantee* sets *at* hand this 28th day of May 1943.

"Dr. Ora K. Mason
"S. A. Ruskjer

"State of Kentucky

"County of Calloway

"Personally appeared before me, Fred Barber, a Notary Public in and for the County and State aforesaid, the within named Dr. Ora K. Mason, the President, and S. A. Ruskjer, secretary and treasurer of the William Mason Memorial Hospital Association, with whom I am personally acquainted and who acknowledged that they executed the foregoing instrument for the purposes therein contained and expressed."

Doubtless this deed was subject to reformation in equity on a bill brought for that purpose, but since the proper and necessary parties are not before the Court in this cause, the complainants could not have such relief here. *Brier Hill Collieries* v. *Gernt*, 131 Tenn. 542, 549, 175 S. W. 560.

At the time of the argument of the case in the Court of Appeals the complainants recognized that this deed was defective, and secured additional time in which to file a brief in defense of the deed, but instead of doing this they filed a motion, as we have stated, seeking to amend their original bill by having as a party-complainant, the Mason Memorial Hospital. As we have seen, this amendment is improper. A fair inference is that the complainants by the amendment were seeking to show that though the title was not good in themselves, it was good in the Mason Memorial Hospital. It is proper to point out that proof by the complainants that title was good in a third person, would not enable them to succeed in a Court of Equity in an action in ejectment, although property in such third person shown by the defendant would be a good defense to the action. *Williams* v. *Seawell & Jones' Lessee*, 9 Tenn. 83, and many

subsequent cases cited in *Evans* v. *Belmont Land Co.*, 92 Tenn. 348, 21 S. W. 670.

Here, the complainants show no more than an equitable title on account of the defective deed from the Hospital to Owen Barber, and such equitable title is insufficient to support a judgment for the plaintiffs in ejectment. *Hopkins* v. *Toel's Heirs*, 23 Tenn. 46; *Hubbard* v. *Godfrey*, 100 Tenn. 150, 47 S. W. 81.

We think the Court of Appeals correctly held that the complainants had failed to make out a case and that, therefore, the action of the Court in reversing the decree and dismissing the bill, was correct. However, since both the complainants and the defendants deraigned title from Levi Phifer, we think the Court of Appeals erroneously held that it was necessary for the complainants to prove the grant from the State of Tennessee or from the State of North Carolina. It was sufficient for them to deraign their title to the common source. *Royston* v. *Wear*, 40 Tenn. 8; *Wortham* v. *Cherry*, 40 Tenn. 468; *Mass* v. *Union Bank*, 66 Tenn. 216, 218; *Howard* v. *Massengale*, 81 Tenn. 577.

For the reasons stated we concur in the result reached by the Court of Appeals, and deny petition for *certiorari*.

All concur.