IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 07, 2001 Session

## JACQUELINE M. TELFORD v. MICHAEL ALLEN TELFORD

**Appeal from the Chancery Court for Cheatham County**
**No. 8973, Leonard M. Martin, Chancellor**

---

**No. M2000-02938-COA-R3-CV - Filed January 4, 2002**

---

This appeal from the Chancery Court of Cheatham County questions whether the Trial Court erred in awarding Ms. Telford alimony in the amount of $1,000.00 per month, and in granting Ms. Telford a judgment of $21,040.00 as the amount owing on the property division. Additionally, this appeal questions whether the Trial Court erred in limiting alimony to eight years and whether the Trial Court erred in failing to grant retroactive child support. We vacate the decision of the Trial Court in part and affirm as modified in part and remand for further proceedings consistent with this opinion. We divide costs of the appeal equally between the Appellant, Michael Allen Telford, and the Appellee, Jacqueline M. Telford.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated in Part**
**and Affirmed As Modified in Part; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

Richard E. Norman, Jr., Nashville, Tennessee, for the Appellant, Michael Allen Telford.

Irene R. Haude, Nashville, Tennessee, for the Appellee, Jacqueline M. Telford.

### OPINION

This appeal arises from a divorce between Michael Allen Telford, the Appellant, and Jacqueline M. Telford, the Appellee. Mr. Telford appeals the decision of the Cheatham County Chancery Court and presents for our review two issues which we restate:

I. Whether the Trial Court erred in increasing alimony from $1.00 per month to $1,000.00 per month.

II. Whether the Trial Court erred in granting Ms. Telford a judgment for $21,040.00 as the amount owing on the property division.

In addition to the issues raised by Mr. Telford, Ms. Telford, the Appellee, raises for our review two issues which we restate:

III. Whether the Trial Court erred in limiting alimony to eight years.

IV. Whether the Trial Court erred in failing to grant retroactive child support.

We vacate the judgment of the Trial Court in part and affirm as modified in part and remand for further proceedings, if necessary, consistent with this opinion.

Mr. and Ms. Telford were divorced on March 25, 1998 by an Agreed Order. There was one minor child born of the marriage.[1] Ms. Telford has physical custody of the minor child. Instead of setting an amount of child support or alimony, the Agreed Order reserved child support pending debt reduction by the parties, and alimony was awarded in the amount of $1.00 per month. At the time of the divorce, the Telfords had, at a minimum, $80,000.00 in credit card debt divided between two Visa credit cards. Their combined income at the time of the divorce was approximately $70,000.00.

Ms. Telford filed a Petition to Enforce and Set Child Support and for Contempt on November 18, 1999. A hearing was held on this matter on July 31, 2000. An Order was entered on September 27, 2000, which, *inter alia*, set child support at $500.00 per month consisting of $425.00 per month guideline support, $53.00 per month reimbursement to Ms. Telford for the minor child's health insurance premium, and $22.00 per month upward deviation from the child support guidelines as father visits with the child less than the amount contemplated in the child support guidelines. The amount of child support ordered by the Court is not at issue on this appeal.

The Trial Court further ordered Mr. Telford to pay Ms. Telford alimony in an amount of $1,000.00 per month for eight years, and that no retroactive child support was owed by Mr. Telford. Finally, Ms. Telford was awarded a judgment of $21,040.00 for past due payments on the debt/property settlement.[2]

We review the Trial Court's findings of fact *de novo* upon the record of the proceedings below, with a presumption of correctness "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); *see also Hass v. Knighton*, 676 S.W.2d 554 (Tenn. 1984). There is no

---

[1] Justin M. Telford, d/o/b 01/08/90

[2] According to the record, the Trial Court made it abundantly clear at Trial that the $21,040.00 judgment against Mr. Telford was not designated as child support or alimony. However, in paragraph six of the order entered by the Court on September 27, 2000, addressing retroactive child support, the following statement was handwritten and initialed by counsel for the parties: "The mother is awarded a judgment against father in the amount of 21,040.00 for arrearage on past due payments." This appears to be an attempt by one of the parties to try to label this judgment child support even though the Trial Court went to great pains to state otherwise. Furthermore, in an order entered on November 13, 2000, the Trial Court ordered, *inter alia*, that "the judgment arrearage in the amount of $21,040.00 is property and/or debt division as stated in the order and is not to be classified as alimony." We will therefore refer to this judgment as debt/property division.

presumption of correctness with regard to the trial court's conclusions of law, and those conclusions are reviewed *de novo*. *Jahn v. Jahn*, 932 S.W.2d 939 (Tenn. Ct. App. 1996).

I.

Mr. Telford appeals the Trial Court's increase in alimony from $1.00 per month to $1,000.00 per month. The Agreed Order entered on March 25, 1998, stated the following with respect to the issue of alimony:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that husband shall pay Wife $1.00 per month alimony until such time as Wife dies or remarries. The parties acknowledge that the Court may change this amount as circumstances change. The parties also note that a filing for bankruptcy by Husband would be a change in circumstances on the basis of which Wife could ask the Court for increased alimony. The parties acknowledge, and the Court finds, that throughout the marriage, the Husband has had a much greater income and earning potential than Wife. This alimony shall be taxable to Wife and tax deductible to Husband.

Appellate Courts give wide latitude to trial court decisions on alimony and maintenance both in its original award and on a petition for modification. *Cranford v. Cranford*, 772 S.W.2d 48 (Tenn. Ct. App. 1989). An award for spousal support may be modified upon a showing of a substantial and material change in circumstances. T.C.A. 36-5-101(a)(1). Once that change has been shown to exist, a court should weigh the same statutory factors that were considered in making the original support award. *Threadgill v. Threadgill*, 740 S.W.2d 419 (Tenn. Ct. App. 1987).

The transcript of the ruling from the bench is included in the record, however, the Trial Court made no findings of fact. Pursuant to the Tennessee Rules of Appellate Procedure, we are limited to "those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to rule 14." Tenn. R. App. P. 13(c). There was nothing found as a fact to which we may attach the presumption of correctness. Therefore, we will review the record *de novo* to determine where the preponderance of the evidence lies. *Brooks v. Brooks*, 992 S.W.2d 403 (Tenn.1999); *Devorak v. Patterson*, 907 S.W.2d 815, (Tenn.Ct.App.1995); *Goodman v. Memphis Park Comm'n*, 851 S.W.2d 165 (Tenn.Ct.App .1992); and *Kelly v. Kelly*, 679 S.W.2d 458 (Tenn.Ct.App.1984).

Mr. Telford argues on appeal that Ms. Telford failed to show a substantial change in circumstance as to justify a modification in the alimony award. Additionally, he argues that the purpose of alimony is to assist one's former spouse in maintaining a standard of living to which she has become accustomed. Mr. Telford asserts that Mr. and Ms. Telford's standard of living prior to the divorce was unrealistic as it was based on $80,000.00 of credit card debt plus other unspecified debt with at least one bankruptcy in the near future. Finally, Mr. Telford argues that because the $80,000.00 credit card debt was reduced to $4,000.00 and paid in full, Ms. Telford is actually in a

better position financially than she was immediately following the divorce and therefore no change in circumstance exists as to justify a modification of the alimony award.

Ms. Telford argues that at the time of the divorce the parties contemplated Mr. Telford's bankruptcy and included language in the Agreed Order stating that a petition for bankruptcy would be considered a change in circumstance with respect to modifying the alimony award. Ms. Telford also argues that alimony is based on one spouse's need and the other spouse's ability to pay. She further asserts that she has demonstrated her need as she was forced to settle an $80,000.00 credit card debt, incur additional tax liability in the settlement of that debt, borrow $20,000.00 from family members, and incur attorney fees. Additionally, Ms. Telford argues that in order for her to make her mortgage payment of $1,120.00 per month and keep the minor child in a private school at $400.00 per month she needs the alimony awarded to her by the Trial Court, and that it was always the intention of the parties that the minor child remain in the marital home and in private school. These factors, according to Ms. Telford, justify the increase in alimony. Furthermore, Ms. Telford argues that Mr. Telford obviously has the ability to pay as he has a 401K with over $4,000.00 available and a monthly gross income of $2,500.00.

This Court must first determine whether there has been a substantial and material change in circumstance to warrant a modification of the original alimony award.T.C.A. 36-5-101(a)(1). We review the language of the original Agreed Order which states in pertinent part that the parties "also note that a filing for bankruptcy by Husband would be a change in circumstances on the basis of which Wife could ask the Court for increased alimony." We therefore find that Mr. Telford's filing for bankruptcy was a substantial and material change in circumstances thereby establishing a basis upon which Ms. Telford could petition the court for a modification of the original alimony award.

The purpose of spousal support is to assist the disadvantaged spouse in becoming self-sufficient and when economic rehabilitation is not feasible, to mitigate the harsh economic reality of divorce. *Anderton v. Anderton*, 988 S.W.2d 675 (Tenn.Ct.App.1998); *Shackelford v. Shackelford*, 611 S.W.2d 598 (Tenn. Ct. App. 1980). Divorced couples often lack sufficient income or assets to enable both parties to maintain their pre-divorce standard of living; however, the obligor spouse may be able to provide some financial assistance to enable the disadvantaged spouse to approach his or her former financial condition. *Anderton v. Anderton*, 988 S.W.2d 675 (Tenn. Ct. App.1998). Need and ability to pay are the critical factors in setting the amount of alimony award. *Smith v. Smith*, 912 S.W.2d 155 (Tenn. Ct. App. 1995); *Lancaster v. Lancaster*, 671 S.W.2d 501 (Tenn. Ct. App. 1984).

We must first determine whether Ms. Telford is economically disadvantaged as compared to Mr. Telford, and if so, whether she can be rehabilitated successfully. T.C.A. 36-5-101(d)(1). At the time of the hearing Ms. Telford was making $30,992.00[3] per year as an administrative assistant

---

[3] The record does not reflect if this is Ms. Telford's gross annual income or her net annual income.

to a regional vice-president for SYSCO Corporation and Mr. Telford was making approximately $30,480.00[4] per year as a long-distance truck driver for R. E. West Transportation.

There is no evidence in the record as to Mr. or Ms. Telford's level of education or professional training. According to testimony from Ms. Telford at trial, Mr. Telford previously was employed at Harpeth Toyota and in 1998 he made $40,095.28, but was terminated from that employment at some time in 1999. Further, while there is evidence in the record that Mr. Telford has earned more money in the past than he is currently earning, there was no finding by the Trial Court that Mr. Telford is intentionally underemployed nor was there any proof at trial to support such a finding. There is no evidence in the record as to the ages of the parties, physical or mental health of the parties or any other evidence to demonstrate that Ms. Telford is economically disadvantaged as compared to Mr. Telford except for the salaries of the parties and Ms. Telford's list of monthly expenses. As of the date of this hearing Ms. Telford was making slightly more money per year than Mr. Telford and without any other evidence to the contrary we find that Ms. Telford is not economically disadvantaged with respect to Mr. Telford. Therefore there is no basis for an award of alimony and it is not necessary to review this matter further. We therefore vacate the alimony award of the Trial Court effective on the date this decision becomes final.

While it is not necessary to review the needs of Ms. Telford or the ability of Mr. Telford to pay alimony, this Court will address these matters briefly. Divorce is often economically devastating. However, during their marriage, the Telfords accumulated at least $80,000.00 in credit card debt alone, and in addition were paying a mortgage, private school tuition, car payments, and other unspecified debts. It is evident that Mr. and Ms. Telford were unable to afford the lifestyle they had become accustomed to. Ms. Telford has argued throughout these proceedings that it was the intention of the parties that the minor child remain in the home he has grown up in and continue to attend private school. While their intentions are admirable the reality is that perhaps that is not and never has been economically feasible for Mr. and Ms. Telford during this marriage or after the divorce. Mr. Telford's gross monthly income is $2,540.00. He pays Ms. Telford $500.00 per month for child support and the Trial Court awarded Ms. Telford $1,000.00 per month in alimony for eight years without first determining that she was economically disadvantaged as compared to Mr. Telford. Mr. Telford's net salary is slightly over $2,000.00 per month. That leaves him approximately $500.00 per month or $6,000.00 per year to live on. Ms. Telford has a monthly salary of $2,582.67, she is receiving $500.00 per month in child support and the Trial Court awarded an additional $1,000.00 in alimony for a total of $4,082.67 or $48,992.04 per year.

Ms. Telford has submitted monthly expenses of $3,715.98 which include a $1140.33 mortgage payment, $400.00 private school tuition, $200.00 after school care, $50.00 additional school fees, a mobile phone bill of $56.00, $80.00 for lunch, $400.00 for food, $40.00 for contributions,[5] $30.95 for a home security system, $175.00 per month for gas for one vehicle,

---

[4] This is Mr. Telford's gross annual income.

[5] The statement of expenses merely stated "contributions" and did not give any further detail or explanation
(continued...)

$116.25 per month for car tags, car insurance and maintenance, $367.06 car payment for a 1998 automobile, attorney fees of $100.00 per month, and $25.00 per month to Lowe's. This list is not exhaustive of the monthly expenses submitted by Ms. Telford, but merely reflects those items which appear to us as being excessive. The simple fact that one wishes to maintain a certain lifestyle that she became accustomed to by living on credit cards does not then entitle that person to 75% of her former spouse's income in alimony and child support in order to continue it.

## II.

Mr. Telford's second issue on appeal is whether the Trial Court erred in granting Ms. Telford a judgment for $21,040.00 as the amount owing on the property division. Mr. Telford argues that the Agreed Order limited the time period he was to pay Ms. Telford $2,100.00 per month until which time the outstanding balance on the two Visa cards was paid. Ms. Telford settled with the credit card companies reducing the balance from approximately $80,000 to $4,000.00 and paid the balance in full in March, 2000. Mr. Telford argues that the judgement against him should, therefore, be reduced from $21,040.00 to $10,540.00 as the Trial Court awarded Ms. Telford a judgment for five additional months. This issue was not raised at trial and issues not raised by the appellant at trial cannot be raised in this Court for the first time. The jurisdiction of the Court of Appeals is appellate only. T.C.A. 16-4-108. "As such the Court of Appeals can only consider such matters as were brought to the attention of the Chancellor, and acted upon or pretermitted by him."*Clement v. Nichols*, 209 S.W.2d 23, 23 (Tenn. 1948).

## III.

Ms. Telford's first issue on appeal is whether the Trial Court erred in limiting alimony to eight years. Because this Court vacated the alimony award of the Trial Court there is no reason to address this issue.

## IV.

Ms. Telford's second issue on appeal is whether the Trial Court erred in failing to grant retroactive child support. With respect to child support, the agreed order set forth, "the issue of child support is reserved because the parties have so many debts that need to be paid," and further stated that, "this deviation from the guidelines is in the best interest of the child because it permits the child to stay in the home and school the child is used to." Child support was set by the Trial Court at $500.00 per month consisting of $425.00 per month guideline support, $53.00 per month reimbursement to Ms. Telford for the minor child's health insurance premium, and $22.00 per month upward deviation from the child support guidelines as father visits with the child less than the amount contemplated in the child support guidelines.

---

[5](...continued)
as to what exactly this constitutes.

Ms. Telford argues that she is entitled to retroactive child support starting from the date of the divorce, March 25, 1998, or, in the alternative, back to the date of the filing of the Petition to Enforce and Set Child Support and for Contempt filed on November 18, 1999.

As for Ms. Telford's argument that she is entitled to retroactive child support beginning March 25, 1998, the date of the divorce, we disagree. The parties entered into an Agreed Order which stated that they were reserving the issue of child support for a future date in order to pay off some of their debt. Further, the parties agreed that this arrangement was in the best interest of the minor child. Ms. Telford is not appealing the Agreed Order, but is asking this Court to order child support back to the date of the Agreed Order even though the Agreed Order specifically reserves child support. This would effectively set child support at $500.00 per month at the time of the divorce in addition to Mr. Telford's property division payment to Ms. Telford of $2,100.00, for a total of $2,600.00 per month during that period of time. Ms. Telford agreed to reserve the issue of child support and we therefore find this argument to be without merit.

As for Ms. Telford's argument that she is entitled to retroactive child support beginning November 18, 1999, the date she filed her Petition to Enforce and Set Child Support and for Contempt, we disagree. Ms. Telford's petition is seeking an initial setting of child support. She is asking this Court to apply the child support order retroactively to the date of the filing of her petition. In *Gotten v. Gotten*, 748 S.W.2d 430, 431 (Tenn. Ct. App. 1987), this Court held:

> The appellate court acts only upon the record in the case in the trial court and when the appellate court enters an order modifying the trial court order it is doing what should have been done in the first instance. The modification of the trial court order should be effective as of the date of the trail court order. Therefore, we hold that a judgment of the appellate court reversing or modifying the trial court judgment providing for periodic payments of alimony or child support is effective as of the date of the trial court judgment, unless the appellate court judgment specifies otherwise.

Thus, we hold that the child support order is effective, September 27, 2000, the date the Trial Court order was entered.

For the foregoing reasons the judgment of the Trial Court is vacated in part and affirmed as modified, in part. This cause is remanded to the Trial Court for such proceedings as may be necessary and for collection of costs below. Costs of appeal are adjudged equally against the Appellant, Michael Allen Telford, and his surety, and the Appellee, Jacqueline M. Telford.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE