IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 22, 2002

## CECELIA G. HUTCHESON v. ANDREW W. HUTCHESON

**Appeal from the Circuit Court for Sumner County**
**No. 19146-C     Arthur E. McClellan, Judge**

---

**No. M2000-02340-COA-R3-CV - Filed November 26, 2002**

---

On August 18, 2000, Appellant was held to be in civil contempt of court for failure to pay alimony and failure to deliver property to his former wife in compliance with the previous divorce judgment in the case. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., and PATRICIA J. COTTRELL, J., joined.

Andrew W. Hutcheson, Demorest, Georgia, Pro Se.

Mark Walker, Goodlettsville, Tennessee, for the appellee, Cecelia G. Hutcheson.

### MEMORANDUM OPINION[1]

Cecelia G. Hutcheson (Plaintiff/Appellee) and Andrew W. Hutcheson (Defendant/Appellant) were divorced by judgment of the Circuit Court of Sumner County on December 1, 1999. The judgment required weekly alimony payments by Andrew W. Hutcheson beginning November 17, 1999 and continuing each week thereafter until the death or remarriage of Cecelia G. Hutcheson. On June 13, 2000, Appellee filed her Petition seeking to hold Appellant in contempt of court for failure to make alimony payments through May 18, 2000. The prayers for relief included a prayer that the Appellant be held in criminal contempt of court and further, "[t]hat the Court award the Petitioner a judgment for the unpaid alimony in the amount owing at the time of the hearing, but not less than $1200.00 which represents what is owing at the time of the filing of this Petition." Counsel

---

[1]Court of Appeals Rule 10:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

representing Andrew W. Hutcheson was allowed to withdraw, and on July 24, 2000, counsel for Appellee filed a Motion for default judgment and to set the case for hearing.

On August 14, 2000, Appellant filed a Request for the appointment of legal counsel to represent him in the criminal contempt proceeding, which application was, on that same date, denied by the trial court. Appellant also filed a Motion to continue the hearing on default judgment from its scheduled August 18, 2000 date claiming illness, which motion was, on that same date, denied by the trial court. The case was heard by the trial court on August 18, 2000 with judgment entered on August 24, 2000, holding:

> This cause came on to be heard on the 18th day of August, 2000, before the honorable Arthur E. McClellan, Judge of the Circuit Court for Sumner County, upon the Plaintiff's Petition for Criminal Contempt and For Respondent to Turn Over Property, the Respondent having been served and failing to file an appropriate response, the Plaintiff having filed a Motion for Default, and the entire record in this cause from all of which the Court finds as follows:
>
> That the Respondent has failed to pay alimony to the Plaintiff as previously ordered by this Court and is in arrears in the amount of $2700.00 as of August 18, 2000. That because the Respondent is pro se, the Court finds the Respondent in wilful civil contempt instead of criminal contempt of the prior orders of the Court for failing to abide by the previous orders. That the Respondent shall be sentenced to six (6) months in the Sumner County Jail or until he purges himself of the contempt by paying to the Plaintiff the arrearage amount of $2700.00 in alimony and delivering the property awarded to the Plaintiff in the Final Decree to her attorney's office located at 606 North Main Street, Goodlettsville, Tennessee.
>
> IT IS, THEREFORE, ORDERED AND ADJUDGED that the Respondent is guilty of wilful civil contempt of the prior orders of the Court for failing to abide by the previous orders. That the Respondent shall be sentenced to six (6) months in the Sumner County Jail or until he purges himself of the contempt by paying to the Plaintiff the arrearage amount of $2700.00 in alimony and delivering the property awarded to the Plaintiff in the Final Decree to her attorney's office located at 606 North Main Street, Goodlettsville, Tennessee.
>
> IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the Plaintiff, Cecelia A. Gardner, shall be awarded a judgment against the Respondent, Andrew W. Hutcheson, in the amount of $2700.00 for which execution may issue, if necessary.
>
> IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the attorney for the Plaintiff, Mark Walker, shall be awarded a judgment against the Respondent in the amount of $750.00, for which execution may issue, if necessary, for his representation of the Plaintiff in this cause.
>
> IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the costs of this cause are taxed to the Respondent for which execution may issue, if necessary.
>
> ENTERED this 24th day of August, 2000.

On September 18, 2000, Appellant filed his Notice of Appeal.

The condition of the record on appeal precludes appellate review of the merits of this case. The jurisdiction of the court of appeals is appellate only, and this Court can only consider such matters as were brought to the attention of the trial court and either acted upon or pretermitted by the trial judge. *Clement v. Nichols*, 209 S.W.2d 23 (Tenn. 1948).

Whatever evidence the trial court acted upon after the hearing of August 18, 2000 that resulted in its final judgment of August 24, 2000, we have no way of determining. The record contains neither a transcription of the evidence pursuant to Tennessee Rule of Appellate Procedure 24(b) or a statement of the evidence pursuant to Rule 24(c). In such circumstances, meaningful review of the evidence is not possible, and we have no means of determining where lies the preponderance of the evidence.

> When a trial court decides a case without a jury, it's findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn.R.App.P. 13(d). This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings. *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1987); *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1988).

*Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

It is the obligation of Appellant to have an adequate record prepared in order to allow for meaningful review on appeal. *State v. Banes*, 874 S.W.2d 73 (Tenn. Crim. App. 1993). Making all allowances for the pro se representation by Appellant, we cannot disregard the Rules of Appellate Procedure and assume that the extraneous documents contained in the record filed with this court under Rule 24(a) were in evidence before the trial court on August 18, 2000 and then make the further assumption that such documents supplied all of the evidence heard by the trial court at the August 18, 2000 hearing.

On October 9, 2000, pro se Appellant filed a document in the trial court and in this Court, which states verbatim:

> Comes now Andrew W. Hutcheson, acting Pro Se who would request the honorable court to supplement the trial court with the attached documents and to forward/transfer the same documents to the Appellant Court as a part of the trial court record.
> Documents to be included are: Affidavit by Andrew W. Hutcheson, Affidavit by Deborah W. Sexton, Affidavit by Anne H. McBride, Affidavit by James Anthony Hutcheson, Affidavit by Jane Elizabeth Odom, Statement from J&K Security

regarding undisclosed bank accounts of Cecelia G. Hutcheson, Statement from J&K Security regarding 401K Vested Balance as of Jan. 31, 2000, (same 401K under oath sworn by Cecelia G. Hutcheson as non-existent), Statement of Lifetimes Retirement dated 7-1-98 through 9/30/98, Statement of Lifetime Retirement dated January 1, 1998 through March 31, 1998., copy of deposit slip for Cecelia G. Hutcheson dated Dec. 4, 1998 and December 11, 1998 at Suntrust Bank, Private Retirement Benefits of Cecelia G. Hutcheson, Copy of Photo showing condition of Cecelia G. Hutcheson August 12, 2000, Copy of MBNA charge account of Andrew W. Hutcheson on 12/19/98, Copy of Social Security Earning Records for Andrew W. Hutcheson from 1967 thru 1999 (after using exemption of office expenditures and other legal deductions for the self employed), copy of personnel records showing hourly wages of Cecelia G. Hutcheson during the twelve years of marriage, and COPY OF FAX FROM CIRCUIT COURT OF SUMNER COUNTY TO HELEN STEVENS REQUESTING HER TO CALL AND CONFIRM THE DATE SHE WILL BE IN TO REDO/REVISE TRANSCRIPT 2nd page shows transcript was in file on 3-10-2000 yet Clerk of Court Office requests "redo/revise this transcript."

The record does not indicate that any of the appended documents to this Request for Supplemental Record were submitted in evidence to the trial judge at the August 18, 2000 hearing. Further, no reason appears in the record as to why the trial court would have received these hearsay statements to prove the truth of the matters asserted therein.

On October 23, 2000, Appellant filed the following in the trial court:

REQUEST FOR TRIAL COURT RECORD AND FOR DOCUMENTS TO BE SENT TO THE APPELLATE COURT FROM THE HEARING ON AUGUST 18, 2000

Comes now Andrew W. Hutcheson, acting Pro Se who would request the honorable court of Sumner County to send to the Appellate Court copies of the following documents needed for the Appeal of the Agreed Order dated August 18, 2000.

Criminal Contempt Charges
Motion for Default and Set
Response to Criminal Contempt Charges by Appellant
Response to Motion for Default and Set by Appellant
Copy of Court Transcript from Hearing dated August 18, 2000
Copy of Cancelled Checks received by Judge Arthur McClellan on August 16, 2000

On October 26, 2000, the trial court denied this Request by Appellant holding, "The court after reviewing the items requested finds these are not matters on appeal and therefore are not included as a part of the record on appeal."

With the appellate record in this condition, we have no alternative but to affirm the judgment of the trial court. Appellant simply cannot carry his burden on appeal of showing that the evidence actually heard by the trial judge on August 18, 2000 preponderates against the judgment of the trial court. Tenn. R. App. P. 13(d).

The judgment of the trial court of August 24, 2000 is within the scope of the pleadings that were before him, and, having no record of the evidence that was before the trial judge, we are bound to affirm.

The judgment of the trial court is in all respects affirmed with costs assessed to Appellant. The case is remanded to the trial court for such further proceedings as may be necessary.

_____
WILLIAM B. CAIN, JUDGE