Robert T. IRVIN, Appellant,

v.

Thomas C. BINKLEY, Chairman of the Tennessee Department of Employment Security's Board of Review and Tennessee Valley Authority, Appellees.

Court of Appeals of Tennessee, Middle Section.

Dec. 1, 1978.

Certiorari Denied by Supreme Court Feb. 20, 1979.

Robert T. Irvin, pro se.

Sam J. McAllester, Jr., E. Lee Allen, Randall P. B. Harris, Nashville, for Thomas C. Binkley, Chairman of the Tennessee Dept. of Employment Security's Bd. of Review.

Herbert S. Sanger, Jr., Gen. Counsel, Charles A. Wagner, III, Associate Gen.

Counsel, Justin M. Schwamm, Sr., Asst. Gen. Counsel, Bonnie B. Zachary, Knoxville, for Tennessee Valley Authority.

OPINION

LEWIS, Judge.

Appellant, Robert T. Irvin, appeals from the judgment of the Law and Equity Court for Montgomery County affirming the denial of unemployment compensation benefits by the Tennessee Department of Employment Security and in the dismissal of his Petitions for Certiorari.

Appellant's assignment of errors raise the issues, (1) was the trial Court correct in holding that there was ample evidence to support the finding of the Tennessee Department of Employment Security's Board of Review that appellant was guilty of such misconduct in connection with his work as would sustain a disqualification for unemployment benefits as contemplated by T.C.A. § 50–1324(B)(2), and (2) was it error for the trial Judge to disallow the introduction of a report compiled by appellant's employer, Tennessee Valley Authority.

The standard for judicial review applicable in unemployment compensation benefit cases where the Chancellor sits as an appellate judge to review the administrative record by writ of certiorari is set forth in T.C.A. § 50–1325(I):

In any judicial proceedings under this section, the findings of the board of review as to the facts, if there be any evidence to support the same, shall be conclusive and the jurisdiction of said court shall be confined to questions of law.

Our Supreme Court, in *Bailey v. Tennessee Department of Employment Security,* 212 Tenn. 422, 370 S.W.2d 492 (1963), has stated:

"[I]f, from the facts in the record, reasonable minds could differ as to the cause of the unemployment, then the decision of the Board is final." 370 S.W.2d at 495.

The Tennessee Department of Employment Security and its Board of Review are expressly exempt under T.C.A. § 4–529(e) from the provision of the Tennessee Uniform Administrative Procedures Act dealing with the scope of judicial review of administrative agency decisions and the substantial evidence test as set forth in T.C.A. § 4–523. Here, we are concerned with only the very limited review of administrative fact findings long afforded by common law writ of certiorari.

The Supreme Court, in *Cawthron v. Scott,* 217 Tenn. 668, 400 S.W.2d 240 (1966) at 242, has stated:

"To sustain the Board of Review's application of the provision in the statute under consideration, 'we need not find that its construction is the only reasonable one or even that it is the result we would have reached had the question arisen in the first instance in the judicial proceedings . . . .' All that is needed to support the commission's interpretation is that it has 'warrant in the record' and a 'reasonable basis in law'. *Milne Chair Co. v. Hake,* 190 Tenn. 395, 230 S.W.2d 393 (1950): *Moore v. Commissioner of Employment Security,* 197 Tenn. 444, 273 S.W.2d 703 (1954); *Aluminum Company of America v. Walker,* 207 Tenn. 417, 340 S.W.2d 898 (1960)."

There is evidence in the record to support the Board of Review's fact findings regarding the appellant's discharge from his employment.

The evidence amply sustains the finding that appellant failed, after written warnings, to report for work on scheduled overtime shifts without notifying his supervisor. The evidence sustains the finding that he threatened his supervisor.

Appellant admits that he refused overtime and threatened his supervisor. He admits that he refused an offer of re-hiring made to him on November 8, 1977, by his employer, Tennessee Valley Authority.

The appellant's own proof before the Board shows his bad attendance record with his employer.

Mr. Justice Fones, writing for a majority of our Supreme Court, stated in *Wallace v. Stewart,* 559 S.W.2d 647 (1977) at 648:

"No aspect of [contracted] employment is more basic than the right of the employer to expect employees will appear for work on the day and at the hour agreed upon. Persistent failure to honor that obligation evinces a substantial disregard for the employer's interest and may justify a finding of misconduct connected with the employment."

The record contains material evidence of the appellant's substantial disregard for his employer's interest.

Appellant contends the trial Judge erred in failing to receive evidence outside the administrative record. The proceeding before the trial judge is not de novo.

It was the duty of the Chancellor to review the records of the proceedings before the Board of Review and to determine whether there was any evidence in the records to sustain the Board's findings of fact, and if there was, it was then the Chancellor's duty to apply the applicable law to those findings. *Cawthron v. Scott,* 217 Tenn. 668, 674, 400 S.W.2d 240, 242–3 (1966).

The burden of establishing the right to benefits under the Tennessee Employment Security Law is upon the claimant. *Reese v. Hake,* 184 Tenn. 423, 199 S.W.2d 569 (1947). Since appellant did not introduce at the hearing before the Board of Review the evidence he sought to introduce in the Law and Equity Court, only he can be faulted for what he terms an "incomplete record".

While he does not assign it as error, he does allude to the absence of a jury in the Law and Equity Court. T.C.A. § 50–1325(I) states that a challenge of the denial of benefits in the courts "shall be heard by the chancellor either at term time or vacation as a matter of right, any other statute of this state to the contrary notwithstanding". The proceeding is before the Chancellor without a jury.

Appellant has filed an "amendment" asking this Court to award him $1,500,000.00 for "character assassination" and "violation of appellant's constitutional rights".

These allegations and request for relief were not raised by appellant in the Law and Equity Court and cannot be raised in this Court for the first time. The jurisdiction of the Court of Appeals is appellate only. T.C.A. § 16–408. This Court can only consider such matters as were brought to the attention of the trial court and acted upon or permitted by the trial court. *Clement v. Nichols,* 186 Tenn. 235, 237, 209 S.W.2d 23 (1948). In this instance, this Court may not go beyond the issue of the review of the denial of unemployment compensation benefits.

The assignments of error are without merit. The judgment of the Law and Equity Court is affirmed with costs to the appellant.

SHRIVER, P. J., and DROWOTA, J., concur.