| HEIRS OF THE ESTATE OF WILLIAM | ) | APPEAL NO. |
| A. MCCALL, SR., | ) | 01-A-01-9604-CH-00188 |
| | ) | |
| PLAINTIFFS/APPELLANTS, | ) | |
| V. | ) | DAVIDSON CHANCERY |
| | ) | |
| JOE E. JOHNSON, | ) | NO. 87-1216-I |
| | ) | |
| DEFENDANT/APPELLEE. | ) | |

**FILED**

**March 19, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

PAUL R. WHITE
L. R. DeMARCO
Suite 400 Washington Square
214 Second Avenue North
Nashville, Tennessee 37201
    ATTORNEYS FOR PLAINTIFFS/APPELLANTS

JAMES E. ZWICKEL
1102 17th Avenue South
Suite 304
Nashville, Tennessee 37212
    ATTORNEY FOR DEFENDANT/APPELLEE

REVERSED AND REMANDED

SAMUEL L. LEWIS, JUDGE

This is an appeal by plaintiffs/appellants, the heirs of the estate of William A. McCall, from a decision of the chancery court finding Appellants did not have a foreign judgment against defendant/appellee, Joe E. Johnson, subject to enforcement under the Uniform Enforcement of Foreign Judgments Act because Appellee had satisfied his liability under the judgment.

## I.      Facts and Procedural History

In 1975, William A. McCall, a songwriter, filed an action in California against a number of music publishers including Appellee, Four Star Music Co. ("Four Star"), and Challenge Records. The California superior court entered a default judgment on 17 February 1977. It ordered Appellee, Four Star, and Challenge to pay McCall $416,409.07 as joint tortfeasors and to transfer all copyrights and musical compositions authored or co-authored by McCall to McCall.

Several years later, Four Star filed bankruptcy in Tennessee. McCall and Four Star entered into a settlement agreement on 13 February 1980. The agreement provided:

> Approving and directing Irwin A. Deutscher, Receiver of Four Star Music Co., Inc, to pay the following amount to Ethel Bassey McCall, Executrix of the Estate of William A. McCall, Sr. in full settlement and satisfaction of all claims arising out of said judgment of the California Court against all parties except Joe E. Johnson, individually:
> > (i) the sum of $200,000 in full and final satisfaction of the claim of William A. McCall, Sr., deceased.

On 9 January 1987, Appellants filed an "Acknowledgment of Satisfaction of Judgment" in the California superior court. Appellants checked the box which stated: "The judgment creditor has accepted payment or performance other than that specified in the judgment in full satisfaction of the judgment." In the space provided to list those judgment debtors being fully or partially released, Appellants listed Four Star and Challenge Records.

Appellants also filed an application for renewal of the judgment against Appellee in the California superior court on 9 January 1987. A Davidson County

Deputy Sheriff served Appellee with the notice of renewal on 28 May 1987. The clerk of the California superior court filed the notice on 16 July 1987.

Appellants filed an action in the Tennessee chancery court to enforce the California judgment against Appellee. On 19 June 1987, Appellee filed a motion to dismiss arguing Appellants lacked standing. On 10 July 1987, Appellee supplemented his motion to dismiss. In addition to his standing argument, he claimed the California judgment was not entitled to full faith and credit and Appellants' attachments failed to reflect a judgment against Appellee that was enforceable under California law. The motions were never set for a hearing.

On 10 March 1994, Appellants filed a motion seeking permission to file multiple executions simultaneously. The chancery court permitted the executions to issue. In response, Appellee filed a motion to quash execution, to stay further executions, and for entry of satisfaction of judgment. On 25 May 1994, the chancery court entered an order and found the Acknowledgment of Satisfaction of Judgment did not relieve Appellee of liability. The court denied Appellee's motion to quash execution, and Appellee filed a notice of appeal.

On appeal, this court reversed the trial court and remanded the case. ***Estate of William A. McCall v. Johnson***, No. 01-A-01-9408-CH-00392, 1995 WL 138898 (Tenn. App. 31 Mar. 1995). The basis for this courts decision was the chancery court had to dispose of the motion to dismiss and the supplemented motion to dismiss prior to allowing execution. This court explicitly declined to express an opinion on the ultimate outcome of the motions. ***Id.*** at *3.

On 2 September 1994, upon Appellee's motion, the California superior court entered an order finding Appellee had fully satisfied the 1977 judgment. Appellants filed a notice of appeal in the superior court on 14 November 1994.

During the pendency of the California appeal, Appellants moved the chancery court to dispose of all pending motions. In its final order, the chancery court held:

> [T]he Court is of the opinion that the California Judgment upon which Plaintiffs asserted their claim in this cause has been deemed satisfied by

3

the Trial Court in California and that, therefore, there exists no foreign judgment subject to enforcement under the Uniform Enforcement of Foreign Judgments Act, (TCA §26-6-101 et seq.) and that therefore this action should be dismissed . . . .

Thereafter, Appellants filed a notice of appeal and presented the following issues:

1. Whether the trial court erred in holding that the California judgment has been deemed satisfied.
2. Whether the attachments submitted by the plaintiff/appellant are sufficient to reflect a judgment against the defendant/appellee that is enforceable under California law.
3. Whether there has been sufficient proof of service on the defendant as required by the California Civil Code.
4. Whether the plaintiff/appellant has standing to bring this action in the state of Tennessee.

This court heard oral argument, but did not issue an opinion. Instead, this court issued an order requiring Appellants to inform this court of the status of the California appeal and to furnish this court with a copy of the opinion when issued.

In compliance with this court's order, Appellant filed a notice on 7 February 1997 stating the California court of appeal had issued its opinion and attached a copy of the opinion. It was the opinion of the California court of appeal that the California superior court had erred. The court stated:

> To permit Johnson to avoid this debt by allowing him the benefit of a satisfaction of judgment to which he was not, and was never intended to be, a party, would be to elevate form over substance to achieve a ludicrous and unjust result. The trial court erred in granting Johnson's motion for satisfaction of judgment.

*Estate of William A. McCall v. Four Star Music Co., et al.*, No. B088555, slip op. at 9 (Cal. App. 31 Dec. 1996).

## II. Uniform Enforcement of Foreign Judgments Act

It is Appellants' contention that the chancery court erred because under California law Appellee was not released from liability by the Acknowledgment of Satisfaction of Judgment. It is the opinion of this court that the chancery court erred, but not for the reason stated by Appellants. Instead, it is our opinion that the chancery court erred because it should not have entered an order when it did.

4

The Uniform Enforcement of Foreign Judgments Act allows judgment creditors to enforce judgments of foreign jurisdictions in Tennessee. *See* Tenn. Code Ann. §§ 26-6-101 to 26-6-107 (1980 & Supp. 1996). A "foreign judgment" is "any judgment, decree, or order of a court of the Untied States or of any other court which is entitled to full faith and credit in this state." *Id.* § 26-6-103. "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. Const art. IV, §1. Once a judgment creditor files a foreign judgment in Tennessee, that judgment "has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like manner." Tenn. Code Ann. § 26-6-104(c) (1980).

The Uniform Enforcement of Foreign Judgments Act also contains a provision to avoid confusion when some aspect of a foreign judgment is still pending in the foreign jurisdiction. Tennessee Code Annotated section 26-6-106(a) provides:

> If the judgment debtor shows the court of this state that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated.

This section is of particular relevance to the determination of this case. To explain, the appeal of the California decision was pending as of 14 November 1994, and the California appellate court did not render a decision until 31 December 1996. Thus, there was an appeal from the foreign judgment pending when the chancery court entered its final judgment on 9 April 1996. Given this, the ultimate issue in this case becomes whether the trial court should have entered an order staying the execution of the foreign judgment as opposed to issuing an order on the basis of a foreign judgment then pending on appeal.

The statute requires the trial court to enter a stay when the "judgment debtor shows the court" that an appeal is pending. Tenn. Code Ann. § 26-6-106(a) (1980). The record indicates the chancery court knew of the appeal although it is unclear which party informed the court of the appeal. There are no specific references in the

record as originally filed to the notice of appeal or even to the appeal in general.[1] Nevertheless, Appellants filed a motion to supplement the record to include the notice of appeal pursuant to Rules 24(e) and (g) of the Tennessee Rules of Appellate Procedure. The chancery court granted the order, and the clerk supplemented the record. Moreover, there is other evidence in the record indicating the chancery court knew of the pending appeal. On 16 September 1994, after the California superior court opinion but before the California court of appeal's decision, the chancery court issued an order granting Appellee's motion to stay enforcement of foreign judgment. The court stated: "It is, therefore, ORDERED that [Appellee's] Motion for a stay of execution is hereby GRANTED, and enforcement of the Foreign Judgment is hereby stayed, pending final disposition of the litigation in California." Interestingly, this order is never referred to in any of the other documents in the record. We must assume the trial court knew of the pending appeal given the facts that the notice of appeal was a part of the record and the chancery court entered an order granting a stay of enforcement after the entry of the California superior court order.

It is irrelevant whether the judgment debtor or creditor was responsible for bringing forth this information. The fact is the chancery court knew of the pending appeal. Upon learning of the appeal, the chancery court should have stayed the enforcement of the judgment. Moreover, the chancery court should not have rendered the decision of 9 April 1996 disposing of the case. Any other result would contravene the purpose of the statute which is obviously to avoid the confusion present in this case.

III.    **Appellant's Remaining Issues**

It is the opinion of this court that Appellant's remaining issues are not properly before this court. The trial court never entered an order with regard to the issues raised by Appellant. In fact, there was no need for the chancery court to determine Appellants' issues given its finding there was no enforceable judgment. "This Court can only consider such matters as were brought to the attention of the trial court and acted upon or permitted by the trial court." ***Irvin v. Binkley***, 577 S.W.2d 677, 679

---

[1] Appellants elected to not file a transcript or a statement of the evidence pursuant to Rule 24(d) of the Tennessee Rules of Appellant Procedure.

(Tenn. App. 1978).

## IV.  Conclusion

Therefore, it results that the judgment of the trial court is reversed, and the cause is remanded for any further necessary proceedings.  Costs on appeal are taxed to defendant/appellee, Joe E. Johnson.


_____
SAMUEL L. LEWIS, JUDGE


CONCUR:


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR. JUDGE