LISA NICOLE TOMLIN, a minor, )
by her next friend and parent, )
GWENDOLYN S. COCKERHAM and )
GWENDOLYN S. COCKERHAM, )
individually, )
)
     Plaintiffs/Appellants, )
) Appeal No.
VS. ) 01-A-01-9702-CV-00067
)
DONNA F. WARREN, ) Davidson Circuit
) No. 95C-2623
     Defendant/Appellee, )
)
and )
ALPHONSO BOWERS and )
PATRICIA DUNN, )
)
     Defendants. )

**FILED**

**July 16, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE BARBARA N. HAYNES, JUDGE

MARK M. MIXELL
1808 West End Avenue
Suite 915
Nashville, Tennessee 37203
    Attorney for Plaintiffs/Appellants

JAMES D. KAY, JR.
BRIDGETT A. WOHLPART
Suite 340M, Washington Square Two
222 Second Avenue North
Nashville, Tennessee 37201
    Attorney for Defendant/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# **O P I N I O N**

The question in this appeal is whether the owner of a mobile home is liable to a third party who was accidentally shot by a guest of a tenant. The Circuit Court of Davidson County granted summary judgment to the owner. We affirm.

## I.

The defendant Donna Warren owned a mobile home which was occupied by Patricia Dunn. On May 11, 1995, Gwendolyn Cockerham and her daughter, Lisa Tomlin, were visiting Patricia Dunn at the trailer. At approximately 8:00 p.m. Alphonso Bowers, armed with a sawed-off shotgun, arrived at the trailer and said he had been hired to protect the trailer and to act as a bodyguard. About 7:00 the next morning, Mr. Bowers accidentally discharged the shotgun, striking Lisa Tomlin in the foot.

Ms. Cockerham sued Bowers, Dunn, and Warren on behalf of herself and her daughter. Her theories as to Ms. Warren were (1) that Mr. Bowers was Ms. Warren's employee and agent, and (2) that Ms. Warren, as owner in possession of the premises, violated a duty of care to Lisa Tomlin by allowing an armed man to occupy the premises. On appeal the appellant also argues that Ms. Warren was negligent per se in allowing a sawed-off shotgun to be possessed on the premises.

Ms. Warren moved for summary judgment and supported her motion with copies of her own deposition and the depositions of Ms. Cockerham and Lisa Tomlin. Ms. Warren said that she had moved from the trailer before the May 12 incident and had leased the trailer to Patricia Dunn in a transaction Ms. Warren described as "lease to own." Patricia Dunn was to pay a sum of money each month

as rent and when the payments reached a certain amount the trailer would be hers. Ms. Warren denied hiring Mr. Bowers, denied knowing he was on the premises with a gun, and specifically denied being on the premises herself on the date in question. She denied ever seeing either of the appellants. She said she was living in Linden, Tennessee in May of 1995.

In opposition to these facts the plaintiffs rely on their own depositions and an admission from Ms. Warren that she knew who Mr. Bowers was because she had seen him at the trailer after Ms. Dunn moved in. Ms. Cockerham testified in her deposition that Ms. Warren was present at the trailer on the evening of May 11, 1995; that she took a shower there and changed into some clothes she had in the back room; and that she was present when Mr. Bowers was on the premises. When pressed to describe Ms. Warren, Ms. Cockerham described her as a black woman with peroxide blonde hair. Ms. Warren is white.

Ms. Cockerham also stated that Mr. Bowers told her that he had been hired by Ms. Warren and Ms. Dunn to guard them and the trailer.

## II.

The appellants argue that the facts bearing on their theories of liability are in dispute. We disagree, and find that the undisputed facts justify summary judgment in favor of Ms. Warren.

### a. The Employee Relation

To Ms. Warren's sworn denial that she hired Mr. Bowers the appellants have offered only their hearsay testimony of what Mr. Bowers said to them. Rule 56.05 Tenn. R. Civ. Proc., however, requires that affidavits supporting or opposing

- 3 -

summary judgments shall set forth facts "admissible in evidence." The testimony of appellants as to Mr. Bowers' statement about who hired him is not admissible because it fits the definition of hearsay, Tenn. R. Evid. 801(c) and is excluded by Rule 802.

Therefore, there is no admissible evidence that Mr. Bowers was not Ms. Warren's employee or agent.

### b. Possession of the Premises

Against Ms. Warren's sworn denial that she was in possession of the premises or was present on the evening of May 11, 1995, the appellants offer their sworn testimony that Ms. Warren was present on that night and that Ms. Warren admitted knowing Mr. Bowers. The appellants also argue that Ms. Warren's testimony about leasing the trailer to Ms. Dunn is suspect because there are no documents to show the transaction took place.

We do not think any of the above makes a disputed question of fact on the control of the premises on May 11, 1995. No inference can be drawn from the fact that the trailer was leased in an oral transaction. It is not uncommon for this court to see oral transactions of a much larger magnitude between highly sophisticated parties. So, Ms. Warren's testimony about the lease is unrebutted and it is obvious who had control of the premises. After all, the appellants were there at the invitation of Ms. Dunn.

The appellants' testimony about seeing Ms. Warren at the trailer on May 11, 1995 is obviously a case of mistaken identity. They described Ms. Warren as a black woman with peroxide blonde hair. Ms. Warren is white.

### c. Negligence Per Se

Our decision with respect to the employment of Mr. Bowers and who was in control of the premises also disposes of the plaintiffs' claim that Ms. Warren allowed a sawed-off shotgun on the premises in violation of the law.

For another reason, however, this claim should be dismissed. The appellants failed to raise it in the court below. Since this court's jurisdiction is appellate only, *Irvin v. Binkley,* 577 S.W.2d 677 (Tenn. App. 1978), we cannot consider issues not brought to the attention of the trial court.

We affirm the judgment of the trial court and remand this cause for any further proceedings necessary. Tax the costs on appeal to the appellants.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
WILLIAM C. KOCH, JR., JUDGE