IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 29, 2023 Session

## WERNER REICHENBERGER v. DENIECE THOMAS, COMMISSIONER, AND TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT

Appeal from the Chancery Court for Haywood County
No. 2022-CH-57     Michael Mansfield, Chancellor

_____

### No. W2023-00441-COA-R3-CV

_____

In this appeal, the petitioner sought judicial review of a decision made by the Department of Labor and Workforce Development denying his application for unemployment compensation benefits. The chancery court reversed the Department's decision, concluding that it was arbitrary and capricious and an abuse of discretion. The Department appeals. We affirm and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J., joined.

Jonathan Skrmetti, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Katherine P. Adams, Assistant Attorney General, for the appellants, Tennessee Department of Labor and Workforce Development and Deniece Thomas, Commissioner.

Werner Reichenberger, Stanton, Tennessee, pro se.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

On January 2, 2022, Werner Reichenberger filed a claim for unemployment benefits using the online application provided by the Tennessee Department of Labor and

Workforce Development.  Pursuant to the Department's regulations,

> Claims for benefits . . . shall be made through a Labor and Workforce
> Development Office on the form prescribed, setting forth:
> (a) that the individual is unemployed,
> (b) that the individual claims benefits,
> (c) that the individual registers for work,
> (d) such other information as is required for completion of the claim, and
> (e) that such claim shall be effective as of the first day of the calendar week
> in which the individual reports and files a claim.

Tenn. Comp. R. & Regs. 0800-09-01-.05(2).  Mr. Reichenberger provided his name, address, birth date, contact information, citizenship status, driver's license number, and his social security number, which was the only information requested on the application pertaining to personal identification.  The remainder of the questions were primarily related to the claimant's employment and educational information.

Mr. Reichenberger received an "Unemployment Claim Confirmation" stating that his unemployment insurance claim and work registration account had been created successfully and that it would be reviewed for eligibility.  The Claim Confirmation page stated that Mr. Reichenberger would receive a notice in the mail with important information about his claim, including how much he may receive each week in benefits, the maximum amount he could receive, and how long his claim could last.  This document also directed Mr. Reichenberger to begin filing weekly certifications for benefits the following Sunday.  Accordingly, Mr. Reichenberger filed weekly claims for benefits thereafter.

Tennessee Code Annotated section 50-7-302 sets forth the personal eligibility conditions for the receipt of unemployment benefits.  Relevant to this appeal, it provides:

> (a) PERSONAL ELIGIBILITY CONDITIONS. An unemployed claimant
> shall be eligible to receive benefits with respect to any week only if the
> administrator finds that all of the following conditions are met:
> (1) The claimant has made a claim for benefits with respect to the week in
> accordance with rules or regulations the commissioner prescribes;
> (2) The claimant has furnished to the division of employment security the
> claimant's social security account number, or numbers, if the claimant has
> more than one (1) social security account number;
> (3) The claimant has registered for work, and thereafter continued to report,
> at an employment office as prescribed by the administrator . . . ;
> (4) The claimant is able to work, available for work, and making a reasonable
> effort to secure work. . . . .
> (5)(A) The claimant has been unemployed for a waiting period of one (1)

week. . . .
(6) The claimant has satisfied the wages requirements of § 50-7-301(b);
(7) The claimant has satisfied the requirements of § 50-7-301(d) [regarding maximum benefits]; and
(8) The claimant participates in reemployment services, such as job search assistance services, if the claimant has been determined to be likely to exhaust regular benefits and to need reemployment services pursuant to a profiling system established by the administrator, unless the administrator determines that:
(A) The claimant has completed the services; or
(B) There is justifiable cause for the claimant's failure to participate in the services.

Tenn. Code Ann. § 50-7-302(a).

Four months after Mr. Reichenberger submitted his application for unemployment benefits, on or about May 4, 2022, the Department sent Mr. Reichenberger the following letter, which we reproduce in its entirety:

Tennessee Department of L[ ] r & Workforce
Development
P O Box 280870
Nashville, TN 37228-0778

48 _ _ REQUEST FOR ID

Claimant/Job Seeker:
Werner Reichenberger

Claimant ID Number:
0008965693

Claim Effective Date (BYB):
01/02/2022

Claim Ending Date (BYE):
12/31/2022

Werner Reichenberger
113 Hillcrest St
Stanton, TN 38069-0000

*[handwritten: Where is the first request?]*

Mail Date:    **May 4, 2022**

Dear Werner Reichenberger:

TENNESSEE DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
DIVISION OF EMPLOYMENT SECURITY
48 HOUR REQUEST FOR ADDITIONAL INFORMATION

This is a 48-hour second request for additional information.
Failure to respond by the deadline may cause a denial or delay of benefits.

Additional information below is needed to process your Unemployment Claim.

Response due no later than 05/05/2022.
ease provide documentation from list A and B and submit an opened and complete utility bill from the last 30
ays as proof of residence. **HOLDING THE ID WITH A SELFIE.**
If you fail to provide the documentation due no later than **05/05/2022**, a determination of the case will be based
on available information in accordance with state law. Failure to comply with the request may result in a loss of
benefits and/or an overpayment which could include interest and penalties.
PLEASE SEND DOCUMENTATION TO:
BPC.Investigations@tn.gov
615-645-3893
ACCEPTABLE IDENTIFICATION DOCUMENTS

You must present a photo of yourself (selfie) holding that ID and a clear picture of the ID.    *[handwritten: ???]*

List A
Photo Driver license (U.S. or other countries) photo ID card or Photo Learner Permit -front and back
Military Identification (ID Card)
Passport (not expired)
Immigration and U.S. Customs Enforcement Documentation Form 1-551 (Green Card)
US Citizen ID Card
Employment Authorization Card
State Issued ID (with photo)
List B
Union membership cards (with full name)
Social Security documents (original SSN Card, benefits statements, etc.)    *[handwritten: +++]*
Military Records (DD214, assignment orders, Leave & earnings statement, etc.)
Birth Certificate (original or certified copy)
arriage Certificate
List C  (2 documents for proof of residency)

1 of 2    3B8FFDB9-38E4-44C1-9D8A-C4ACFEE9BB0E    *[handwritten: Page 22]*

‾ ‾Utility Bill (last30 days) i.e. ca⟮ internet, phone, water, electric/gas ⟮
Property tax form
Vehicle Registration
Lease (All pages)
⁀nthly Mortgage Statement

Also need proof of Corporation closure and accountant information.

If you have any questions, contact the Tennessee Department of Labor & Workforce Development toll free at 1-877-813-0950.

We appreciate the opportunity to serve you.


TENNESSEE DEPARTMENT OF LABOR & WORKFORCE DEVELOPMENT

Although this letter stated that it was the second request for information, the Department concedes that there is no documentation of any first request in the record. Mr. Reichenberger responded by sending a letter and documentation to the Commissioner.

Thirteen days after the 48-hour notice letter was sent, on May 17, 2022, the Department sent Mr. Reichenberger a "Disqualifying Determination" letter stating that his claim for benefits was denied because he did not provide "claim information in accordance with rules or regulations the commissioner prescribes." Specifically, the Department's letter stated that Mr. Reichenberger "was instructed to furnish acceptable/valid personal ID necessary for processing claim, but failed to do so." (capitalization omitted). Thus, the Department deemed him "ineligible" for failure to meet the "Personal Eligibility Condition" set forth in Tennessee Code Annotated section 50-7-302(a)(1) ("An unemployed claimant shall be eligible to receive benefits with respect to any week only if the administrator finds that all of the following conditions are met: (1) The claimant has made a claim for benefits with respect to the week in accordance with rules or regulations the commissioner prescribes[.]"). The Department also cited Rule 0800-09-01-.05 ("Claims for benefits . . . shall be made through a Labor and Workforce Development Office on the form prescribed, setting forth: . . . (d) such other information as is required for completion of the claim[.]"). The letter stated that Mr. Reichenberger could "reopen" his claim when the information was furnished as instructed. However, it also informed him of his right to appeal the Department's determination within fifteen days.

Mr. Reichenberger appealed to the Department's Appeals Tribunal. The Department provided him a notice of hearing, framing the issue to be decided as: "Whether claimant is eligible for benefits. Tenn. Code Ann. § 50-7-302(a)(1): whether the Claimant has made a claim for benefits with respect to the week and provided other information as is required for completion of the claim in accordance with Rule 0800-09-01-.05." Mr. Reichenberger requested an in-person hearing rather than a telephonic hearing because he did not have a telephone. He also requested to subpoena two witnesses: his wife, who he said had knowledge of "the documents submitted to the Department of Labor" and the

weekly submissions of the reports; and the Commissioner, who would be able to testify that "the denial of the Department of Labor is based on a false statement." Finally, Mr. Reichenberger requested "all documentation . . . in possession [of] the Department." The Department granted the request for an in-person hearing, but it denied both of the requests to subpoena witnesses.

A hearing was held on June 21, 2022, before a Hearing Officer.[1] Mr. Reichenberger was the only witness to testify, and he was asked questions by the Hearing Officer. Mr. Reichenberger testified that he filed his application around January 2, 2022, and after several months, he received "a 48-hour request to submit documents" to the Department. Mr. Reichenberger testified, "I responded in writing direct to the commissioner. I provided documentation. And I even offered to send a copy of my social security card to his office. He never responded back." Mr. Reichenberger testified that he "also requested several in-person hearings, which were never granted." He added, "it's in writing."

The Hearing Officer then asked Mr. Reichenberger, "do you have your I.D. with you, sir?" Mr. Reichenberger responded that he did. The Hearing Officer asked Mr. Reichenberger to "stand by that wall so that I can take a selfie with you holding that I.D." Mr. Reichenberger complied. It appears from the transcript that the Hearing Officer took a photo because he asked Mr. Reichenberger to hold the identification close to his face and then to wait a moment for him to "make sure it came through well." The Hearing Officer then asked Mr. Reichenberger if the particular type of document he provided was a passport. Mr. Reichenberger said that it was. The Hearing Officer then confirmed that it reflected Mr. Reichenberger's date of birth and that it was not expired.

Next, the Hearing Officer asked Mr. Reichenberger if he had in his possession any document that was listed on the 48-hour notice letter under "List B," such as a union membership card, a social security document, a military record, birth certificate, or marriage certificate. Mr. Reichenberger testified that he did not have any of those documents with him at the moment because no one told him that they would be required at the hearing. The Hearing Officer asked, "Didn't you receive the 48-hour request letter that you spoke of earlier?" Mr. Reichenberger confirmed that he did. The Hearing Officer then asked Mr. Reichenberger if he could produce "proof of residency" documents such as a utility bill, cable bill, internet bill, phone bill, or water bill. Mr. Reichenberger testified that "one was sent to the commissioner directly." He again said he did not bring the document to the hearing because no one had instructed him to do so.

After the Hearing Officer announced that he had no other questions, he asked Mr.

---

[1] The Hearing Officer stated at the beginning of the hearing, "This hearing is being conducted before the Appeals Tribunal, Tennessee Department of Labor and Workforce Development. It is by telephone from Memphis[.]" However, the Hearing Officer subsequently made statements suggesting that he and Mr. Reichenberger were both present at the same location "in person."

Reichenberger if there was anything else he would like to say. Mr. Reichenberger conveyed his impression that he was being "singled out." He claimed that he had "fulfilled all requirements which was necessary to file for the benefits." Mr. Reichenberger also complained that the Department denied him the ability to subpoena the witnesses that would enable him to "prove that I was right and that [] this is a screw up from the department." He also suggested that "a 48-hour request for the documents is unreasonable because I have to bring the originals." He added, "If the department would cooperate a little bit, I could prove my identification in one of the centers[.]" However, he suggested that the Department offered "absolutely no cooperation . . . just bullying."

The day after the hearing, the Hearing Officer issued an "Appeal Tribunal Decision of Hearing Authority," denying Mr. Reichenberger's appeal. The Hearing Officer noted that Mr. Reichenberger filed a claim for benefits and that the Department subsequently requested the documents listed in the 48-hour notice letter. The Hearing Officer stated that Mr. Reichenberger "took a selfie with a document from list A" during the hearing, but he did not have any additional documents with him. The Hearing Officer concluded that Tennessee Code Annotated section 50-7-302(a)(1) requires a claimant to file a claim for benefits in accordance with the rules or regulations that the Commissioner prescribes. He also noted that the burden of proof is on a claimant to establish that he has complied with those rules or regulations in order to be eligible for unemployment benefits. The Hearing Officer concluded that Mr. Reichenberger failed to meet that burden. He explained, "The evidence establishes that the claimant *did not respond to the Agency with additional information by the deadline provided* as directed in the appointment notice." (emphasis added). The Hearing Officer found that Mr. Reichenberger failed to provide documents from list B and list C. He concluded that Mr. Reichenberger "is required to comply with the Agency request in order to have his claim processed," and yet he "failed to follow the Agency's instructions." Thus, the Hearing Officer denied his claim for benefits on the basis that he was ineligible under Tennessee Code Annotated section 50-7-302(a)(1). The notice informed Mr. Reichenberger of his right to appeal the decision of the Hearing Officer within fifteen days.

Mr. Reichenberger pursued the next-level appeal to the "Commissioner's Designee," who is appointed by the Commissioner to decide appeals from decisions of the Appeals Tribunal. The Department notified Mr. Reichenberger that most cases are decided on the existing record but that he could request an additional hearing to present new or additional evidence. Mr. Reichenberger notified the Department that he desired to have another hearing in order to present new or additional evidence. He again asked to subpoena his wife as a witness, stating that she could testify as to "the documents submitted to the Department," the claim process, his "complete submission of all required information," and "the countless attempts to address the Department of Labor." He also sought to subpoena the Commissioner, who, he said, could provide testimony "about the identification process, and my attempt to provide the identification." Mr. Reichenberger explained that the Commissioner "was addressed via mail" and also had information about

the requirements and operation of the Department, including the identification information that is necessary to file an application for benefits. He desired to question the Commissioner about "why the Department of Labor requested additional excessive documentation within a 48 hour time frame," when the application had been pending for months and all necessary information had been submitted up to that point. He claimed that "[a]ll requested documentation was presented to one of the workforce offices in Brownsville TN."

On August 31, 2022, the Commissioner's Designee issued a decision adopting the findings of fact of the Appeals Tribunal. In addition, the Commissioner's Designee found that "the BPC" requested additional documents from Mr. Reichenberger on or about May 3, 2022, and "[t]he claimant had until May 5, 2022 to provide the documentation." The Commissioner's Designee found that the Department denied the claim on May 17 and that the claimant, to date, had not provided "all required information." The Commissioner's Designee acknowledged Mr. Reichenberger's arguments that "he is being treated unfairly, that he followed all instructions when filing for benefits, that 48 hours is not sufficient time to provide the documentation without a phone or internet, and that he should be paid his benefits." It also noted his request for an additional hearing. Nevertheless, the Commissioner's Designee concluded that Mr. Reichenberger had "not argued or presented anything with his appeal that would affect the outcome of the case, so another hearing is not necessary to address the issue on appeal." It noted the Department denied his claim for failure to provide "acceptable/valid personal identification." The Commissioner's Designee found that Mr. Reichenberger "was provided a detailed list of information requested by the BPC unit" and "failed to provide the required documentation within the 48-hour time frame or since that time." Thus, it affirmed the decision of the Appeals Tribunal deeming him ineligible for benefits.

Proceeding *pro se*, Mr. Reichenberger filed a petition for judicial review of the Department's decision in chancery court pursuant to Tennessee Code Annotated section 50-7-304(i). Pursuant to Tennessee Code Annotated section 50-7-304(i)(2):

> The chancellor may affirm the decision of the commissioner or the chancellor may reverse, remand or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
> (A) In violation of constitutional or statutory provisions;
> (B) In excess of the statutory authority of the agency;
> (C) Made upon unlawful procedure;
> (D) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (E) Unsupported by evidence that is both substantial and material in the light of the entire record.

Initially, Mr. Reichenberger asserted that the Department's "administrative records apparently do not contain important information for the application the plaintiff filled out and the process, in which his rights and Art 50-7-304 were continuously violated, and therefore a fair processing of the claim and fair hearings were not possible; and the final appeal for benefits was denied." He claimed that he "filled out the online application for benefits completely and followed the instructions from the Department," and the Department "never questioned that any part of the information was incorrect and/or not provided until May 3, 2022, when the Department requested additional identifications within a 48-hour time frame." Mr. Reichenberger contended that he had fulfilled all of the statutory requirements. He noted that the Department's 48-hour notice letter incorrectly stated that it was a "second request" for information when he had never received a first request. He also noted that the Department requested "substantial documentation" within 48 hours, beyond that required in the Department's online application, which was difficult due to his lack of access to a telephone or the internet. Mr. Reichenberger asserted that he sent a letter to the Commissioner and "included substantial information as requested," including a copy of his driver's license and a copy of his motor vehicle registration renewal, but no one responded to his letter. In addition, Mr. Reichenberger noted that he produced his passport at the in-person hearing before the Hearing Officer, who took a photograph while he held it near his face. Mr. Reichenberger further complained that the Department denied his requests to subpoena witnesses during the appeals process. In sum, he contended that the Department denied him a fair hearing and rendered a decision that violated constitutional and statutory provisions, was made upon unlawful procedure, and was unsupported by evidence that is both substantial and material in the light of the entire record.

The chancery court held a hearing on January 12, 2023, but we do not have a transcript of that hearing in the record on appeal. After reviewing the administrative record, the chancery court entered an order reversing the decision of the Department. At the outset, the chancellor explained that the administrative record transmitted to the court by the Department did not even contain a copy of the 48-hour notice letter sent to Mr. Reichenberger on May 4, 2022. However, the chancellor noted that the Hearing Officer who heard Mr. Reichenberger's administrative appeal repeatedly referred to the letter during the hearing and based his decision, at least in part, on the letter. The chancellor explained that Mr. Reichenberger entered a copy of the letter into evidence at the hearing in chancery court, and the court found that the administrative record should be supplemented to include the letter in order for justice to be done in this case.

The chancellor found that the Department sent the letter to Mr. Reichenberger on May 4, 2022, after he had filed his online application for benefits on January 2, 2022. The chancellor noted that the letter requested that Mr. Reichenberger provide documentary evidence of his identity and outlined a specific procedure by which he should submit the requested documents. He found that Mr. Reichenberger then "had some communication with the Department and [] attempted to provide the Department with at least some of the

requested documentation," although it was not "the precise documentation in the precise manner" described in the letter. The chancellor found that the Department denied Mr. Reichenberger's claim on May 17 "based upon his failure to strictly comply with the terms of the May 4, 2022 letter." He noted the Department advised Mr. Reichenberger that he could reopen his claim if he provided the documents in the manner described, or he could seek an appeal, and Mr. Reichenberger elected to appeal. The chancellor noted that during the in-person hearing before the Hearing Officer, Mr. Reichenberger provided some additional documentation that was requested in the letter, in the manner the Department requested, "but he did not produce all of the precise identification documentation that the Department requested." The chancellor observed that the "primary goal" of the Hearing Officer appeared to be simply to confirm that Mr. Reichenberger received the letter and that he did not strictly comply with its requirements. Upon confirming these facts, the chancellor noted, the Hearing Officer affirmed the denial of benefits.

The chancellor framed the issue before the chancery court as:

> Whether or not there is substantial and material evidence in the record and a reasonable basis in law to support the Hearing Officer's decision that Plaintiff failed to provide documentation of his identity "in accordance with the rules or regulations the Commissioner prescribes" as required by Tenn. Code Ann. § 50-7-302(a)(1) and whether the Department's decision to deny Plaintiff's claim for unemployment benefits based upon his failure to strictly comply with the provisions of the May 4, 2022 letter was arbitrary and capricious.

He noted Mr. Reichenberger's position that "he has provided the Department everything that it needs in order to approve his claim for unemployment benefits." In response, the Department maintained that it properly denied benefits to Mr. Reichenberger because he did not "strictly comply" with the requirements set out in its 48-hour notice letter. The chancellor pointed out that the Department's so-called "policy" of requiring the identification documents set forth in the letter was an "unpublished" policy in any event, as those requirements "are not provided for by statute or rule." The chancellor found that "the statutes and rules governing unemployment compensation claims merely require that a claimant be able to prove that he is who he says he is in order to pursue a claim for unemployment benefits with the Department." The chancellor found "no evidence that [Mr. Reichenberger] is not who he says he is[.]" To the contrary, he found that Mr. Reichenberger had "provided the Department with at least some credible evidence of his identity on more than one occasion throughout the pendency of his claim." "Nevertheless," the chancellor noted, "the Department insisted, and continues to insist, that the law requires [him] to do more to establish his identity in this case." The Department claimed it was "justified" in denying the claim when Mr. Reichenberger did not strictly follow its unpublished policy as to what forms of identification it would accept, as described in its letter. In conclusion, the chancellor explained:

- 10 -

The Court finds that absent evidence or other indication that [Mr. Reichenberger] is not who he says he is or some other rational basis for disregarding the identification documentation that he has provided to the Department previously in this case, the Department's insistence that [Mr. Reichenberger] strictly comply with its "policy" and the terms of its May 4, 2022 letter with regard to providing documentation of his identification to the Department is arbitrary and capricious, which results in the Department decision denying [Mr. Reichenberger]'s claim for unemployment benefits being an abuse of discretion. As a result, this Court finds that [Mr. Reichenberger]'s petition for judicial review of the Department's denial of his claim for unemployment benefits is well-taken and should be granted, such that the Department's decision denying those benefits be and the same is hereby reversed. This case is remanded to the Department of Labor and Workforce Development, Division of Unemployment Security for further review and taking of evidence, if necessary.

The chancery court noted that the Department would not be required to accept the identification information already provided by Mr. Reichenberger if it had reason to believe that it was false, but absent a finding of falsity, it was directed to proceed with the processing of Mr. Reichenberger's claim in accordance with its rules and regulations. "Essentially," the court explained, the Department "may not rely upon the mere fact that [Mr. Reichenberger] may not have strictly complied with the requirements of its May 4, 2022 letter as a valid basis to deny [Mr. Reichenberger]'s claim for unemployment benefits, but there may be other valid reasons for such denial as the agency proceeds with its processing of [Mr. Reichenberger]'s claim." The Department timely filed a notice of appeal to this Court.

## II.  ISSUES PRESENTED

The Department presents the following issue for review on appeal:

Whether the decision of the Tennessee Department of Labor and Workforce Development, denying Petitioner's claim for unemployment-compensation benefits, should be affirmed because it is not arbitrary or capricious, is supported by substantial and material evidence, and was made upon lawful procedure.

Mr. Reichenberger's brief on appeal appears to restate the issue presented by the Department, and he also contends that the notice of appeal filed by the Department was untimely.

In order to be timely, a notice of appeal must "be filed with the clerk of the appellate

court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). However, "[t]he last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days." Tenn. R. App. P. 21(a). Due to a weekend, the notice of appeal filed by the Department on Monday, March 27, 2023, was timely.

### III. STANDARD OF REVIEW

On appeal, "[t]his Court reviews administrative unemployment compensation decisions using the same standard employed by trial courts." *Sabah v. Tenn. Dep't of Lab. & Workforce Dev.*, No. M2022-00526-COA-R3-CV, 2023 WL 2800097, at *3 (Tenn. Ct. App. Apr. 6, 2023) (quoting *Moore v. Neeley*, No. W2006-00438-COA-R3-CV, 2006 WL 3371132, at *2-3 (Tenn. Ct. App. Oct. 6, 2006)). Pursuant to Tennessee Code Annotated section 50-7-304(i)(2):

> The chancellor may affirm the decision of the commissioner or the chancellor may reverse, remand or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
> (A) In violation of constitutional or statutory provisions;
> (B) In excess of the statutory authority of the agency;
> (C) Made upon unlawful procedure;
> (D) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (E) Unsupported by evidence that is both substantial and material in the light of the entire record.

"The task of the appellate court under this statute is to take a 'fresh look' at the Department's decision, not the decision of the lower court." *Prac. Ventures, LLC v. Neely*, No. W2013-00673-COA-R3-CV, 2014 WL 2809246, at *8 (Tenn. Ct. App. June 19, 2014) (citing *Sims v. Culpepper*, No. 01A01-9605-CH-00229, 1998 WL 32703, at *3 (Tenn. Ct. App. Jan. 30, 1998)).

### IV. DISCUSSION

"The General Assembly enacted the Tennessee Employment Security Law [] to address the effect of involuntary unemployment upon the unemployed worker, the worker's family, and the 'health, morals and welfare of the people of this state.'" *Phillips v. Phillips*, No. E2015-00407-COA-R3-CV, 2015 WL 5882527, at *4 (Tenn. Ct. App. Oct. 8, 2015) (quoting Tenn. Code Ann. § 50-7-102(a)(1)). "Chapter 7 of Title 50 of the Tennessee Code establishes the unemployment compensation fund," and "[c]laims for benefits are filed and processed in accordance with the statute and regulations established

by the Commissioner of Labor and Workforce Development." *Metro Gov't of Nashville & Davidson Cnty. v. Tenn. Dep't of Lab. & Workforce Dev.*, No. M2013-01551-COA-R3-CV, 2014 WL 6068411, at *1 n.2 (Tenn. Ct. App. Nov. 13, 2014). Tennessee's unemployment statutes are "construed liberally in the employee's favor." *Armstrong v. Neel*, 725 S.W.2d 953, 955 (Tenn. Ct. App. 1986).

The applicant has the burden to establish his or her entitlement to unemployment benefits. *Sabah*, 2023 WL 2800097, at *4 (citing *Irvin v. Binkley*, 577 S.W.2d 677, 679 (Tenn. Ct. App. 1978)). As previously mentioned, Tennessee Code Annotated section 50-7-302 sets out the personal "eligibility conditions" and "outlines which requirements claimants must meet to be eligible for unemployment compensation." *Sargent v. Culpepper*, No. 03A01-9602-CH-00071, 1996 WL 600332, at *4 (Tenn. Ct. App. Oct. 16, 1996). The very first eligibility condition is that "[t]he claimant has made a claim for benefits with respect to the week in accordance with rules or regulations the commissioner prescribes[.]" Tenn. Code Ann. § 50-7-302(a)(1). Notably, the second eligibility condition is that "[t]he claimant has furnished to the division of employment security the claimant's social security account number." Tenn. Code Ann. § 50-7-302(a)(2). Tennessee Code Annotated section 50-7-304(a) further provides: "Claims for benefits shall be made in accordance with regulations the commissioner prescribes." "The commissioner has the power and authority to adopt, amend or rescind rules and regulations," and "[t]he rules and regulations shall be effective as provided in the Uniform Administrative Procedures Act, compiled in title 4, chapter 5." Tenn. Code Ann. § 50-7-602(a)-(b); *see also* Tenn. Code Ann. § 50-7-603 ("Regulations and rules may be adopted, amended or rescinded by the commissioner as provided in the Uniform Administrative Procedures Act, compiled in title 4, chapter 5."). Here, the applicable regulation provides:

> Claims for benefits . . . shall be made through a Labor and Workforce Development Office on the form prescribed, setting forth:
> (a) that the individual is unemployed,
> (b) that the individual claims benefits,
> (c) that the individual registers for work,
> (d) such other information as is required for completion of the claim, and
> (e) that such claim shall be effective as of the first day of the calendar week in which the individual reports and files a claim.

Tenn. Comp. R. & Regs. 0800-09-01-.05(2).

The administrative record in the case before us is exceedingly sparse. It contains Mr. Reichenberger's January 2 online application for benefits and the May 17 decision denying his claim, with no records in between. As previously noted, the administrative record did not even contain the 48-hour notice letter when it was transmitted to chancery court. In fact, when Mr. Reichenberger presented the letter at the hearing, the chancery court considered it *over the objection of the Department*. The record does not reflect why

- 13 -

the Department objected to the admission of the letter, but it does not challenge the chancery court's consideration of it on appeal. In any event, however, due to the lack of additional records, there is no indication as to why the Department sent the 48-hour notice letter to Mr. Reichenberger in the first place or why it requested these specific documents from him.

During oral argument before this Court, counsel for the Department was asked on what "authority" did the Department rely in requiring these particular documents, rather than accepting others, and counsel responded that she "[did] not know the exact list which the Department pulls from for the specific documents." Counsel noted that when filing a claim for unemployment benefits, one must have a driver's license number and social security number, and she suggested that the documents required in the letter would be "similar" and "coincide with" those requirements. However, she conceded that the exact list of documents required by the Department in its letter does not appear in any statute or regulation. She suggested that the Department could modify the list of documents it required from a claimant based on the particular "concern" it had in any given case. Thus, in the Department's view, it would have "discretion" as to what kind of documentation it would require from a particular claimant based on what "concern" it had regarding that person's application. Counsel for the Department admitted, though, that there is "nothing in the record" to reflect the reason why the Department requested additional information from Mr. Reichenberger and that "the Department doesn't typically tell someone why they're requesting additional information." She said "there could have been a number of factors" that went into the Department's decision to request additional information in Mr. Reichenberger's case.

Although the Department has not cited it, we note that Tennessee Code Annotated section 50-7-701(a)(1)(B) provides that "[t]he commissioner, the commissioner's designee or an unemployment hearing officer may require from a claimant all necessary information to process the claimant's claim[.]" Ultimately, however, we must review the entire record to determine if the Department's decision was arbitrary and capricious, characterized by an abuse of discretion, or unsupported by substantial and material evidence. *See* Tenn. Code Ann. § 50-7-304(i)(2).

In its brief on appeal, the Department explains the reason for its decision to deny Mr. Reichenberger's claim as follows:

> Petitioner was required to provide certain documents as proof of his identity in support of his claim for unemployment-compensation benefits. Petitioner ultimately provided some such documentation, but not all the documentation required. Specifically, Petitioner provided one document from List A, but no document from List B. Consequently, Petitioner's claim for benefits was denied.

- 14 -

(record cites omitted). More specifically, the Department explains:

> In a letter dated May 4, 2022, the Department requested documentation from Petitioner regarding proof of identity. The letter required submission of two identification documents, to be selected from two different categories—one from list A, and one from list B. List A included: a photo driver's license, photo ID card or photo learner permit, military ID card, passport, Immigration and U.S. Customs Enforcement Documentation Form 1-551 ("Green Card"), U.S. Citizen ID card, State issued ID card, or an Employment Authorization card. List B included a union membership card, social security documents (original SSN card, benefits statement, etc.), military records, birth certificate, or marriage certificate.
> Petitioner was required to take a photo of himself with each of the requested documents. And an email address and a fax number were provided for Petitioner to submit the records, as well as a toll-free number for him to call if he had any questions.
> Petitioner did not provide the required documentation. For this reason, the Department denied his unemployment claim on May 17, 2022.

Thus, the Department acknowledges that it denied Mr. Reichenberger's claim for failure to provide a document from List B in its letter.

The Department does not dispute that Mr. Reichenberger provided his driver's license number and social security number on his application for benefits. Mr. Reichenberger testified that he responded to the 48-hour notice letter in writing directly to the Commissioner and "provided documentation," but he never received a response. Because Mr. Reichenberger was the only witness to testify, his testimony is unrebutted. On appeal, the Department does not dispute that Mr. Reichenberger responded in writing to the Commissioner, nor does it deny receiving it. Instead, it simply argues that "the Commissioner is not responsible for processing documentation for individual unemployment claims." The Department also notes that "a purported copy of this letter [from Mr. Reichenberger to the Commissioner] was attached to [Mr. Reichenberger's] judicial-review petition, [but] the chancery court did not admit this letter as evidence." With or without the actual letter in evidence, however, Mr. Reichenberger's testimony establishes that he sent the letter and documents directly to the Commissioner. During oral argument, counsel for the Department also acknowledged Mr. Reichenberger's statement that he went to an office, but she said she "[did] not know the specifics" of what occurred. Thus, as the chancery court aptly noted, by the time the Department denied the claim for benefits on May 17, "[Mr. Reichenberger] had some communication with the Department and he had attempted to provide the Department with at least some of the requested documentation." Additionally, at the in-person hearing, Mr. Reichenberger produced his unexpired passport and took a photograph with it as requested by the Department. Yet, the Hearing Officer still denied his claim, finding that he "did not respond to the Agency with

- 15 -

additional information by the deadline provided as directed in the appointment notice." At the next-level appeal, Mr. Reichenberger requested another hearing in order to produce additional evidence, but his request was denied.

As it stands, the Department concedes in its brief that it requested "proof of [Mr. Reichenberger's] identity," and "[Mr. Reichenberger] ultimately provided some such documentation, but not all the documentation required." The Department is admittedly unaware of any reason why it requested additional documents from Mr. Reichenberger in the first place. As the chancellor put it, "there is no evidence that [Mr. Reichenberger] is not who he says he is." Thus, we agree that the Department acted arbitrarily in disregarding the documents he produced and continuing to insist that Mr. Reichenberger was required to do more to prove his "identity."

"A decision unsupported by substantial and material evidence is arbitrary and capricious. Yet, a clear error of judgment can also render a decision arbitrary and capricious notwithstanding adequate evidentiary support." *Poursaied v. Tenn. Bd. of Nursing*, 643 S.W.3d 157, 164 (Tenn. Ct. App. 2021) (quoting *City of Memphis v. Civil Serv. Comm'n of City of Memphis*, 238 S.W.3d 238, 243 (Tenn. Ct. App. 2007)). "An arbitrary or capricious decision is one that is not based on any course of reasoning or exercise of judgment, or one that disregards the facts or circumstances of the case without some basis that would lead a reasonable person to reach the same conclusion." *Pandharipande v. FSD Corp.*, 679 S.W.3d 610, 630 (Tenn. 2023). In our view, the manner in which the Department sent Mr. Reichenberger the 48-hour notice letter and summarily denied his benefits was arbitrary and capricious. The Department conceded at oral argument that it has "discretion" as to what kind of documentation it requires from a particular claimant based on what "concern" it has regarding that person's application, and the administrative record in this case does not reflect any stated concern by the Department. Even so, the Department has steadfastly adhered to this particular list of documents that must be produced and disregarded the proof of identity produced by Mr. Reichenberger, in the absence of any basis that would lead a reasonable person to reach the same conclusion as to Mr. Reichenberger's eligibility for benefits. We therefore affirm the decision of the chancery court.

We note that during oral argument before this Court, Mr. Reichenberger stated that since the chancery court rendered its decision, the Department had processed his claim and paid him benefits. This Court entered an order directing the parties to brief the issue of whether the appeal was moot. In a supplemental brief, the Department argued that the appeal was not moot because, in the event of a reversal, it may attempt to recover any overpayment made to Mr. Reichenberger. Although we have affirmed the decision of the chancellor, because the present status of the claim is not clear from the record, we remand to the chancery court for whatever additional proceedings may be necessary.

## V. CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court and remand for further proceedings. Costs of this appeal are taxed to the appellants, the Tennessee Department of Labor and Workforce Development and Deniece Thomas, Commissioner, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE